# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2026

Lyle W. Cayce
Clerk

———————

No. 25-11066

———————

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,

*Plaintiff—Appellee*,

*versus*

ALICIA ORTA; UNIVERSAL PROTECTION SERVICE, L.P., *doing business as* ALLIED UNIVERSAL SECURITY SERVICES,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-2649

———————————————————————

Before KING, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Appellant Alicia Orta filed suit on behalf of a minor who was sexually assaulted by a security guard working for a subcontractor of appellant Allied Universal. Appellee Mesa Underwriters Specialty Insurance Co. ("MUSIC") brought a declaratory-judgment action seeking a ruling that it owed no duty to defend or indemnify Allied Universal, pointing to a provision

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11066

in Allied Universal's insurance contract that excluded injuries resulting from assault or battery occurring at "all locations." The district court held that MUSIC had no duty to defend or indemnify. Allied Universal and Alicia Orta appeal, arguing that the term "all locations" is ambiguous and should therefore be construed against the insurer.

Having studied the parties' briefs, the record, and the applicable law, and having heard oral argument, we affirm the judgment substantially for the reasons given by the district court.

AFFIRMED. *See* 5TH CIR. R. 47.6.